**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.  Criminal Case No: 1:07cr25

KIMBERLY ANN AYERS,
         Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned United States Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Kimberly Ann Ayers, appeared before me in person and by counsel, Harry Smith, on April 17, 2007. The Government appeared by Randolph J. Bernard, Assistant United States Attorney.

The Court had Defendant sworn by the clerk.

Thereupon, the Court proceeded with the Rule 11 proceeding[1] by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by inquiring of Defendant as to her understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Defendant stated in open court that she voluntarily

---

[1] The Court conducted the plea hearing for Kimberly Ann Ayers contemporaneously with the plea hearing for Mountaineer Data Processing, Inc. in companion case no. 1:07cr24.

waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Ashley Stafford, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated February 13, 2007, and signed by her on February 19, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed

by Indictment, to which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding recommendations in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. The Court inquired and counsel for the parties clarified, that the parties' intent was that the Government would recommend the court impose sentencing at the lowest end of the guideline range. Again, Defendant stated that she understood such recommendation was not binding on the Court.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4,1B1.3, 2B1.1 and 2X4.1 of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct (i.e., the monetary loss to the victim, the Medicaid Program) attributable to the "underlying offense" is at least $200,000.00 but less than $400,000.00. The relevant conduct is based upon data

3

> obtained from the West Virginia Bureau for Medical Services, ambulance run records obtained from Mountaineer Data Processing and several ambulance companies, statements made [by] various witnesses, surveillance by agents and other information obtained during the course of the investigation.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her plea of Guilty to the one-count Information.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged her understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the maximum sentence which could be imposed upon her conviction or adjudication of guilty on that

charge was imprisonment for maximum of (3) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to one (1) year of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require her to pay the costs of her incarceration, the costs of community confinement and the costs of supervised release; understood that her actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; that no one had predicted what her actual sentence would be and further determined that Defendant was competent to proceed with the Rule 11 plea hearing. The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appeal rights as contained in her written plea agreement and determined she understood those rights and voluntarily gave them up under the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging her with concealing and failing to make known to civil authorities her knowledge of the actual commission of a felony cognizable by a Court of the United States, in violation of Title 18, United States Code, Section 4 (premised on Title 18, United States Code, Section 1343).

The Court then heard the testimony of Maryanne Withrow as to the facts underlying the charges alleged in the one-count Information. Ms. Withrow testified that she is a Special Agent with the United States Department of Health and Human Services, reporting to the Inspector General. She

5

was based out of Charleston, West Virginia, investigating fraud throughout the state of West Virginia. She was involved in the investigation of Mountaineer Data Processing ("MDP") and Kimberly Ayers during Spring 2004. The Medicaid office had discovered possible duplicate ambulance billings by MDP, showing identical billings with the exception that one billing for ambulance transport would say "Basic Life Support" and a second would say "Basic Life Support- Emergent." The investigation was referred to the Medicaid Fraud Unit and then assigned to Special Agent Withrow.

Special Agent Withrow determined that there were indeed two billings for one transport. MDP was a billing company which operated as the biller for ambulance companies. It received a percentage of the money insurers remitted to the ambulance companies. Once Special Agent Withrow determined there were double billings, she interviewed Kimberly Ayers, current and past employees, and reviewed documents from ambulance companies. She testified she reviewed "100's of billings." She did confirm that there had been double billings.

Special Agent Withrow testified that Kimberly Ayers was aware of the double billing and that she was aware that it was not correct. Special Agent Withrow also testified that Ayers had full control of the billing, including reviewing vouchers, and was totally responsible for the billing. In her position she also should have known about the double billing and that it was not correct. Special Agent Ayers testified that she reviewed copies of handwritten manuals prepared by or at the direction of Defendant Ayers that advised on how to "split" codes for Medicaid billings. Her interviews indicated that from June 1999 to June 2004, everything had to be approved by Ayers. Ayers was President of the company which submitted the double billings, and concealed the fact that there were two bills for one transport.

Special Agent Withrow testified that the actual loss to the victim (State Medicaid) was

$353,443.00, although MDP would not have received that amount, but only a percentage of that amount due to the double billing.

Defendant testified that she heard and understood Special Agent Withrow's testimony and did not disagree with any of that testimony. Thereupon, Defendant, Kimberly Ann Ayers, with the consent of her counsel, Harry Smith, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

Based upon the testimony of Special Agent Withrow, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant knowingly and voluntarily waived her right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Special Agent Withrow.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is released on conditions set by an Order Setting Conditions of Release entered this date.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 17th day of April, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE